UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

June 2, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 02-2626

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, |
| *v.* | No. 00 CR 878 |
| HENRY McKEE, *Defendant-Appellant.* | James B. Moran, *Judge.* |

**ORDER**

Henry McKee appealed his sentence of 112 months' imprisonment for one count of conspiracy to possess with intent to distribute the controlled substance known as Ecstasy in violation of 18 U.S.C. §§ 846 and 841(a)(1). He contended that the district court violated the Supreme Court's dictate in *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). We ordered a limited remand to ask whether the district court would have imposed the same sentence under an advisory regime. *United States v. Paladino,* 401 F.3d 471, 483-84 (7th Cir. 2005), *cert. denied,* 126 S. Ct. 1343 (2006). The district court has now indicated that it would have ordered the same sentence for McKee had it known that the Guidelines were advisory rather than mandatory. Both McKee and the government have now filed responses to the district court's statement. McKee asks us to reconsider our

decision in *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005), where we held that a properly calculated Guidelines sentence is entitled to rebuttable presumption of reasonableness. We see no reason to reverse course on *Mykytiuk* and so we will apply it here. McKee argues in the alternative that, if we decline to overturn *Mykytiuk*, his is the rare case where a Guidelines sentence is unreasonable. The district court noted McKee had some positive attributes but also found that he steadfastly denied his involvement and consistently lied under oath. McKee complains that his lies were already taken into account when the court increased his Guidelines sentence two levels under section 3C1.1, the obstruction of justice enhancement, and that the court should not have considered those facts further. He also complains that the district court erred on remand by failing to give meaningful consideration to the section 3553(a) factors. In particular, McKee complains that the district court failed to consider section 3553(a)(2)(C), the need to protect the public from further crimes of the defendant, and misconstrued that facts related to that factor. McKee asks us to vacate his conviction, or hold that the district court misapplied the Guidelines, or at the very least find his sentence was unreasonable and remand for resentencing.

McKee's sentence was near the bottom of the applicable guidelines range and is therefore presumptively reasonable. *See Mykytiuk,* 415 F.3d at 608. He has not provided any persuasive reason to rebut that presumption. The court did not erroneously double-count the obstruction of justice facts. Rather the court was simply noting that McKee had yet to take responsibility for his actions. Although it is true that the court did not expressly address the issue of protecting the public from further crimes, 18 U.S.C. §3553(a)(2)(C), there is no need to discuss the application of the statutory factors in checklist fashion. *See United States v. Dean,* 414 F.3d 725, 729 (7th Cir. 2005). "Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." *Dean*, 414 F.3d at 729 (quoting *United States v. George*, 403 F.3d 470, 472-73 (7th Cir.), *cert. denied*, 126 S. Ct. 636 (2005)). Brevity does not matter so long as the record makes clear that the judge gave the relevant factors "meaningful consideration." *United States v. Brock,* 433 F.3d 931, 934 (7th Cir. 2006). It does. Therefore, the judgment of the district court is AFFIRMED.